## SAMUEL LAIR

### *v.*

### ALFRED S. MAYFIELD.

1. EVIDENCE—*in ejectment—that the lands were school property—what insufficient.* Where, in an action of ejectment, the defendant proved color of title, and payment of taxes, for seven successive years, and the plaintiff claimed that the

premises were school lands, and, therefore, not taxable, but, in proof of which, the record simply disclosed the fact, that the plaintiff, with others, received a deed of the property, as "Trustees of the Carlinville School Union," and that thirty-five years ago, it had a log school house upon it, and was then known as the school lot: *Held*, that this was not sufficient evidence to show that it was school property, to take the case out of the statute of limitations.

WRIT OF ERROR to the Circuit Court of Macoupin county; the Hon. EDWARD Y. RICE, Judge, presiding.

The opinion states the case.

Mr. S. S. GILBERT, for the plaintiff in error.

Messrs. PALMER & HAY, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of ejectment, brought by Lair, against Mayfield, in which the plaintiff claimed title under a deed executed in 1831, by the county commissioners of Macoupin county, to Joseph Buningh, Ezekiel Good, James P. Smith, David Gimlin, and himself. The deed described the grantees as "Trustees of the Carlinville School Union," and ran to them and their successors in office, "for the use and benefit of the inhabitants of Carlinville and its vicinity." The plaintiff proved the death of all the grantees except himself, and claimed title to the entire premises as the survivor. The defendant proved color of title and payment of taxes, from 1857 to 1865, inclusive, during which time, the lot in question, was vacant and unoccupied.

It is urged by the plaintiff in error, that the property in controversy was school land, and therefore not taxable, and that the limitation law has no application. We can only say, the record wholly fails to disclose what was, in this respect, the character of this land. We are not informed what the

Carlinville School Union was. We do not know whether it was an incorporated institution, a private association, or what were its powers and objects, or whether it is now in existence. We may infer from the name, that it was an association of some sort, having some reference to schools, but we can infer nothing more. This name, and the evidence that the town lot in question, more than thirty-five years ago, had a small log school house upon it, and was then known in the town of Carlinville as the school lot, are all there is in the record to show this was school property, and we do not regard this as sufficient evidence to take the case out of the statute of limitations. The judgment must be affirmed.

*Judgment affirmed.*